IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LEE GIBSON,
    Petitioner,

vs.                                              Case No.:  5:17cv145/MCR/EMT

BLACKMON, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This case is before the court on Petitioner Robert Lee Gibson's ("Gibson") habeas petition and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Respondent filed a motion to dismiss the petition for lack of jurisdiction (ECF No. 10).  Gibson filed a response in opposition to the motion (ECF No. 12).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

On July 3, 1990, a federal grand jury in the United States District Court for the Southern District of Florida returned an indictment charging Gibson and two co-defendants with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2) (*see* ECF No. 10 at 1). *See aslo* United States v. Gibson, Case No. 0:90-cr-6108-WJZ-1, Copy of Paper Docket Sheet, ECF No. 225 at 1 (S.D. Fla. July 9, 1998). The indictment also charged Gibson with receipt of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3) (*see* ECF No. 10 at 1–2). *See id.*, Copy of Paper Docket Sheet, ECF No. 225 at 1 (S.D. Fla. July 9, 1998). Following a jury trial in June of 1991, Gibson was found guilty as charged (*see* ECF No. 1 at 6; ECF No. 10 at 2). *See id.*, Copy of Paper Docket Sheet, ECF No. 225 at 6 (S.D. Fla. July 9, 1998). On August 30, 1991, the district court sentenced Gibson to a mandatory term of life imprisonment on Count 1, a term of 120 months in prison on Count 3 (to run concurrently with the sentence on Count 1), and a term of 5 years in prison on Count 2 (to run consecutively to the sentences imposed on Counts 1 and 3) (*see* ECF No. 1 at 6; ECF No. 10 at 2). *See id.*, Copy of Paper Docket Sheet, ECF No. 225 at 7 (S.D. Fla. July 9, 1998). The Eleventh Circuit Court of Appeals affirmed the judgment (*see* ECF No. 1 at 1; ECF No. 10 at 2).

On or about June 21, 1996, Gibson filed a motion to vacate his conviction, pursuant to 28 U.S.C. § 2255. *See* Gibson, Case No. 0:90-cr-6108-WJZ-1, Copy of Paper Docket Sheet, ECF No. 225 at 11 (S.D. Fla. July 9, 1998); Gibson v. United States, Case No. 0:96-cv-6667-WJZ, Complaint, ECF No. 1 (S.D. Fla. June 21, 1996). The district court denied the motion on October 15, 1997. *See* Gibson, Case No. 0:96-cv-6667-WJZ, Order, ECF No. 3 (S.D. Fla. Oct. 15, 1997). The Eleventh Circuit affirmed the decision on February 13, 1998. *See* Gibson, Case No. 0:90-cr-6108-WJZ-1, Copy of Paper Docket Sheet, ECF No. 225 at 13 (S.D. Fla. July 9, 1998).

On or about June 20, 2014, Gibson filed a second § 2255 motion. *See* Gibson, Case No. 0:90-cr-6108-WJZ-1, Motion to Vacate under 28 U.S.C. 2255, ECF No. 336 (S.D. Fla. June 20, 2014); Gibson v. United States, Case No. 0:14-cv-61433-WJZ, Motion to Vacate Sentence, ECF No. 1 (S.D. Fla. June 20, 2014). The district court dismissed the motion as successive on November 20, 2014. *See* Gibson v. United States, Case No. 0:14-cv-61433-WJZ, Final Order of Dismissal, ECF No. 6 (S.D. Fla. Nov. 20, 2014).

On or about July 5, 2016, Gibson filed a third § 2255 motion. *See* Gibson, Case No. 0:90-cr-6108-WJZ-1, Motion to Vacate under 28 U.S.C. 2255, ECF No. 395 (S.D. Fla. July 5, 2016); Gibson v. United States, Case No. 0:16-cv-61583-WJZ, Motion to Vacate/Set Aside/Correct Sentence, ECF No. 1 (S.D. Fla. July 5, 2016). The district

court transferred the case to the Eleventh Circuit for treatment as an application to file a successive § 2255 motion.  *See* Gibson v. United States, Case No. 0:16-cv-61583-WJZ, Order, ECF No. 8 (S.D. Fla. Aug. 1, 2016).  The Eleventh Circuit denied the application on August 9, 2016.  *See* In re Gibson, Case No. 16-15075, Order (11th Cir. Aug. 9, 2016).

On May 18, 2017, Gibson filed the instant § 2241 petition raising the following claim:

Ground one:  "Actual innocence of conspiracy to dis [sic] 5 kilograms."

(ECF No. 1 at 3, 6–11).  Gibson contends he is "actually innocent" of the crime of which he was convicted and sentenced, i.e., conspiracy to distribute 5 kilograms of cocaine, which carried a mandatory life sentence, because the Government failed to charge a drug quantity in the indictment, and the issue of drug quantity was not submitted to the jury for a finding beyond a reasonable doubt (*id.*).  In support of his claim, Gibson relies upon the Supreme Court's decision in  Burrage v. United States, — U.S. —, 134 S. Ct. 881, 187 L. Ed. 2d (2014) (*id.* at 7–11).[1]

II.   ANALYSIS

---

[1] In Burrage, the Supreme Court held that the ordinary meaning of the terms "results from" in a criminal statute requires "but-for causality"; thus, a defendant cannot be held liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) where the use of a drug distributed by the defendant is not an independently sufficient cause of a victim's death or serious bodily injury unless the drug use is a but-for cause of the death or injury.  134 S. Ct. at 887–92.

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  See United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  See Hayman, 342 U.S. at 212–14, 218.  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v.

Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Whereas, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized language is known as the "saving clause." *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017), *petition for cert. filed sub. nom.* McCarthan v. Collins, No. 17-85 (U.S. July 12, 2017). The "saving clause" imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See id.* at 1080.

A § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *See* McCarthan, 851 F.3d at 1092–93. "[A] change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an

adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court. *Id.* at 1087.

Here, Gibson states he did not present his claim in a § 2255 motion, because Barrage had not been decided when the district court denied his first § 2255 motion (*see* ECF No. 1 at 2). However, § 2255 was still an adequate remedy to test Gibson's claim, even if it may have failed under circuit precedent at the time. *See* McCarthan, 851 F.3d at 1087, 1099. Gibson could have raised the claim and attempted to persuade the court to change its precedent, just as the defendants did in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Gibson failed to satisfy any of the limited circumstances warranting review of his habeas claim through the "saving clause" portal of § 2255(e); therefore, Respondent's motion to dismiss for lack of jurisdiction should be granted.[3]

III. CONCLUSION

---

[3] Gibson's reliance upon Schlup v. Delo, 513 U.S. 198, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and House v. Bell, 547 U.S. 518, 126 S. Ct. 2964, 165 L. Ed. 2d (2006) is misplaced (*see* ECF No. 12 at 2). Those cases concerned the "actual innocence" exception to the state procedural bar rule, i.e., that federal habeas courts are generally closed to claims that state courts would consider defaulted. The instant case involves a jurisdictional issue, not procedural defense.

Case No: 5:17cv145/MCR/EMT

In sum, review under § 2241 is unavailable because Gibson challenges the validity of his conviction and sentence, not the execution of an initially valid confinement. Furthermore, he has not shown he is entitled to review via the "saving clause" portal of § 2255(e). Because Gibson is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 10) be **GRANTED**.

2. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**.

3. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 31st day of October 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No:  5:17cv145/MCR/EMT